BRANCART & BRANCART
  Christopher Brancart (SBN 128475)
  cbrancart@brancart.com
  Elizabeth Brancart (SBN 122092)
  ebrancart@brancart.com
Post Office Box 686
Pescadero, CA 94060
Tel:   (650) 879-0141
Fax:   (650) 879-1103

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **EVANGELINA BASLEE; and FAIR HOUSING COUNCIL OF CENTRAL CALIFORNIA, a California Not for Profit Corporation,**<br><br>　　　　**Plaintiffs,**<br><br>　　vs.<br><br>**PM SERVICES, INC.; and GWENDOLYN WILLIAMS,**<br><br>　　　　**Defendants.** | Case No.<br><br>**COMPLAINT FOR MONETARY, DECLARATORY AND INJUNCTIVE RELIEF** |

## I. INTRODUCTION

1.  In this action, plaintiffs seek monetary, declaratory and injunctive relief against defendants for discriminating against persons with children in the operation of the Coral Gardens apartment complex in violation of the federal Fair Housing Act, 42 U.S.C. § 3601, <u>et seq.</u>, and related state laws.

## II. JURISDICTION AND VENUE

2.  Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 in that the

claims alleged herein arise under the laws of the United States. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear and determine plaintiffs' state law claims because those claims are related to plaintiffs' federal law claims and arise out of a common nucleus of related facts. Plaintiffs' state law claims form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper under 28 U.S.C. § 1391 in that the claims alleged herein arose within the City of Fresno, California.

### III. PARTIES

4. Plaintiff Evangelina Baslee ("Baslee") resides with her two minor children in unit E of Coral Gardens, located at 1320 East San Bruno Street in Fresno.

5. Plaintiff Fair Housing Council of Central California (the "Fair Housing Council") is a nonprofit corporation organized under the laws of the State of California with its principal place of business located at 560 E. Shields Avenue, Suite 103, in Fresno, California. The Fair Housing Council's mission is to promote fair housing throughout the Central Valley, including Fresno County, by working to guarantee all people equal access to housing opportunities and by working to create and maintain integrated housing patterns. One of its specific purposes and goals is the elimination of all forms of illegal housing discrimination within Fresno County. To this end, the activities in which the Fair Housing Council engages include, but are not limited to: (1) investigating allegations of discrimination; (2) conducting tests of housing facilities to determine whether equal opportunity in housing is provided; (3) taking such steps as it deems necessary to assure such equal opportunity and to counteract and eliminate discriminatory housing practices; and (4) providing outreach and education to the community regarding fair housing.

6. At all times relevant, defendant PM Services, Inc., a California corporation, was the property management company responsible for the management and operation of the Coral Gardens.

7. At all times relevant, defendant Gwendolyn Williams owned the Coral Gardens. Williams contracted with defendant PM Services to manage and operate the Coral Gardens on behalf of Williams.

8. Each defendant at all times relevant was the agent, employee or representative of each other defendant; each defendant, in doing the acts or in omitting to act as alleged in this complaint, was acting within the course and scope of his or her actual or apparent authority pursuant to such agency; or the alleged acts or omissions of each defendant as agent were subsequently ratified and adopted by each defendant as principal.

## IV.  FACTS
### A.  INTRODUCTION

9. Defendants have engaged in a pattern or practice of discrimination against persons with children in the operation of the Coral Gardens complex. Defendants' pattern or practice of discrimination includes, but is not limited to:

   a. Creating a hostile living environment for persons with children at Coral Gardens;

   b. Making statements indicating a limitation, preference or discrimination, or the intent to discriminate, based on familial status;

   c. Threatening, intimidating, or interfering with tenants in their enjoyment of dwellings because of familial status; and,

   d. Imposing different terms, conditions, or privileges, or denying or limiting services or facilities in connection with the rental of a dwelling, because of familial status.

///

### B. EVANGELINA BASLEE

10.   Evangelina Baslee has rented a two-bedroom apartment at Coral Gardens from defendants in November 2007.  Her rent is $495 per month.  She occupies the apartment with her two minor children.  At the time of rental, Coral Gardens included an interior courtyard that provided Baslee and her family with a safe place for the children to play.

11.   Starting in January 2008, defendants published, promulgated, and enforced written rules and regulations restricting the activities of children who live in Coral Gardens.

12.   On January 30, 2008, defendants published and distributed a new rule, barring children from playing ball in the court yard area.  The notice threatened to evict tenants who violated the rule.

13.   On April 1, 2008, defendants published and distributed a notice, reiterating the rule barring children from playing ball in the court yard area.  The notice again threatened to evict tenants who violated the rule.

14.   On May 20, 2008, defendants published and distributed a new rule, stating:

> "Per Owner and Management request, children will not be allowed to play in the courtyard **at any time or for any reason**.  If anyone is seen violating the policy that unit will receive a 3-Day Notice to Perform Conditions and/or Quit and a sufficient fee will be assessed to the account."   (Emphasis in original.)

15.   As a result of defendants' discriminatory rules, Baslee restricted her children to the interior of her apartment, depriving them of the opportunity for play and exercise.  When the manager observed Baslee's daughter outside, the manager threatened to report Baslee to the office of PM Services, Inc.

16.   On May 21, 2008, several residents of Coral Garden presented a

petition to defendants, challenging the rule restricting the activities of children. Defendants failed or refused to respond to that petition.

### C. THE FAIR HOUSING COUNCIL OF CENTRAL CALIFORNIA

17. In June 2008, a resident of Coral Gardens contacted the Fair Housing Council, complaining that defendants discriminated against families with children by restricting the activities of children.

18. In response to that complaint, the Fair Housing Council conducted an investigation, interviewing witnesses and gathering documents. It also implemented an education and outreach project, providing residents of Coral Gardens with information regarding their fair housing rights.

### D. INJURIES

19. By reason of defendants' unlawful acts or practices, plaintiff Evangelina Baslee has suffered emotional distress, including humiliation, mental anguish, and attendant bodily injury, violation of her civil rights, loss of dignity, embarrassment and otherwise sustained injury. Baslee also suffered a breach of the covenant of quiet enjoyment and was deprived of the full use and enjoyment of her tenancy. Accordingly, Baslee is entitled to compensatory damages.

20. By reason of defendants' unlawful acts and practices, the Fair Housing Council has suffered injury to its ability to carry out its purpose and to serve the public in its effort to eliminate housing discrimination, to resolve fair housing disputes, to find and to make available decent rental housing for persons, which is free from discrimination and harassment. Defendants' unlawful acts and practices have also caused the Fair Housing Council to suffer economic losses in staff pay, and in the inability to undertake other efforts to end unlawful housing practices. Accordingly, the Fair Housing Council is entitled to compensatory damages.

21. In doing the acts of which plaintiffs complain, defendants acted with

oppression, fraud and malice, and with wanton and conscious or reckless disregard of the federally protected rights of plaintiffs.  Accordingly, plaintiffs are entitled to punitive damages.

22.   There now exists an actual controversy between the parties regarding defendants' duties under the federal and state fair housing laws.  Accordingly, plaintiffs are entitled to declaratory relief.

23.   Unless enjoined, defendants will continue to engage in the unlawful acts and the pattern or practice of discrimination described above.  Plaintiffs have no adequate remedy at law. Plaintiffs are now suffering and will continue to suffer irreparable injury from defendants' acts and their pattern or practice of discrimination against persons with disabilities unless relief is provided by this Court.  Accordingly, plaintiffs are entitled to injunctive relief.

## V.  CLAIMS

### A.  FIRST CLAIM

### [Fair Housing Act]

24.   Plaintiffs reallege and incorporate by reference each paragraph previously alleged in this complaint.

25.   Defendants injured plaintiffs by committing discriminatory housing practices in violation of the federal Fair Housing Act, 42 U.S.C. § 3601, et seq.

### B.  SECOND CLAIM

### [California Fair Employment and Housing Act]

26.   Plaintiffs reallege and incorporate by reference each paragraph previously alleged in this complaint.

27.   Defendants injured plaintiffs by committing unlawful housing practices in violation of the California Fair Employment and Housing Act, California Government Code § 12955,  et seq.

### C. THIRD CLAIM

### [California Unruh Civil Rights Act]

*Plaintiff Evangelina Baslee only v. All Defendants*

28. Plaintiffs reallege and incorporate by reference each paragraph previously alleged in this complaint.

29. Defendants injured plaintiff Evangelina Baslee in violation of the Unruh Civil Rights Act, California Civil Code § 51 et seq., by discriminating against persons with children in the operation of Coral Gardens, a business establishment.

### D. FOURTH CLAIM

### [Unfair Business Practices]

30. Plaintiffs reallege and incorporate by reference each paragraph previously alleged in this complaint.

31. In acting as herein alleged, defendants injured plaintiffs by engaging in a pattern or practice of unlawful conduct in the operation of Coral Gardens in violation of the California Business and Professions Code § 17200, et seq.

### E. FIFTH CLAIM

### [Negligence]

32. Plaintiffs reallege and incorporate by reference each paragraph previously alleged in this complaint.

33. Defendants owed plaintiffs a duty to operate Coral Gardens in a manner that is free from unlawful discrimination, and to hire, train, supervise and discipline their employees and themselves to fulfill that duty. Defendants negligently violated their duties by discriminating against persons with children. Defendants' violation of their duties was the result of negligence, including but not limited to:

    A. Defendants' negligent failure to train their employees regarding

the requirements of state and federal fair housing rights laws;

B. Defendants' negligent failure to hire persons who were familiar with the requirements of state and federal fair housing laws;

C. Defendants' negligent failure to supervise their employees regarding compliance with the requirements of state and federal fair housing laws; and,

D. Defendants' negligent failure to discipline or terminate employees who failed to comply with the requirements of state and federal fair housing laws.

34. As a legal result of defendants' negligent conduct, plaintiff Angelina Baslee has suffered humiliation and severe emotional distress, among other injuries, such as constructive eviction from the premises and invasion of her private right of full occupancy of the premises, and plaintiff Fair Housing Council has suffered a diversion of resources and frustration of its mission.

### F. SIXTH CLAIM
### [Breach of the Implied Covenant of Quiet Use and Enjoyment]
### *Plaintiff Evangelina Baslee only v. All Defendants*

35. Plaintiffs reallege and incorporate by reference each paragraph previously alleged in this complaint.

36. Defendants injured plaintiff Evangelina Baslee by infringing upon her right to the quiet use, enjoyment and possession of her dwelling in violation of Civil Code § 1927.

### G. SEVENTH CLAIM
### [Constructive Eviction]
### *Plaintiff Evangelina Baslee only v. All Defendants*

37. Plaintiffs reallege and incorporate by reference each paragraph previously alleged in this complaint.

38. Defendants injured plaintiff Evangelina Baslee and her children by constructively evicting her from use and enjoyment of the full premises.

## VI. RELIEF

Wherefore, plaintiffs pray for entry of a judgment against the defendants that:

1. Awards compensatory and punitive damages according to proof;

2. Declares that defendants have violated the provisions of the applicable federal and state fair housing laws;

3. Enjoins all unlawful practices complained about herein and imposes affirmative injunctive relief requiring defendants, their partners, agents, employees, assignees, and all persons acting in concert or participating with them, to take affirmative action to provide equal opportunities to persons regardless of their familial status;

4. Awards statutory damages to plaintiffs against each defendant pursuant to the Unruh Civil Rights Act;

5. Awards costs of this action, including reasonable attorneys' fees; and,

6. Awards all such other relief as the Court deems just.

Dated: September 15, 2008.

                                           Respectfully submitted,

                                           BRANCART & BRANCART

                                           /s/ Christopher Brancart
                                           Christopher Brancart
                                           cbrancart@brancart.com
                                           Attorneys for Plaintiffs